UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GAREN PEARSON, | Case No.: 3:19-cv-00031-MMD-WGC |
| Plaintiff | **Order** |
| v. | Re: ECF No. 59, 66 |
| JAMES E. DZURENDA, | |
| Defendants | |

Defendants filed a motion for leave to file Exhibits K and W under seal in support of their motion for summary judgment. (ECF No. 59.) Exhibit K is Plaintiff's offender information summary. Exhibit W is a declaration by defendant Olivas. For unknown reasons, Defendants then filed another motion seeking leave to file Exhibit K under seal in support of their motion for summary judgment. (ECF No. 66.) Plaintiff did not oppose either motion.

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). "'Throughout our history, the open courtroom has been a fundamental feature of the American judicial system. Basic principles have emerged to guide judicial discretion respecting public access to judicial proceedings. These principles apply as well to the determination of whether to permit access to information contained in court documents because court records often provide important, sometimes the only, bases or explanations for a court's decision.'" *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983)).

Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. *See Kamakana*, 447 F.3d at 1178. Otherwise, "a strong presumption in favor of access is the starting point." *Id*. (internal quotation marks and citation omitted). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (Oct. 3, 2016) (quoting *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1048 (2nd Cir. 1995); *Valley Broad Co. v. U.S. Dist. Ct., D. Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)).

There are two possible standards a party must address when it seeks to file a document under seal: the compelling reasons standard or the good cause standard. *Center for Auto Safety*, 809 F.3d at 1096-97. Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id*. (quoting *Kamakana*, 447 F.3d at 1179). The court must "'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret.'" *Id*. "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id*. (quoting *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 599 (1978)). "Examples include when a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Id*.

The good cause standard, on the other hand, is the exception to public access that has been typically applied to "sealed materials attached to a discovery motion unrelated to the merits

of the case." *Id*. (citation omitted). "The 'good cause language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id*.

The Ninth Circuit has clarified that the key in determining which standard to apply is whether the documents proposed for sealing accompany a motion that is "more than tangentially related to the merits of a case." *Center for Auto Safety*, 809 F.3d at 1101. If that is the case, the compelling reasons standard is applied. If not, the good cause standard is applied.

Here, Defendants seek to file exhibits under seal in connection with a motion for summary judgment. This is more than tangentially related to the merits of a case; therefore, the compelling reasons standard applies.

Aside from the duplicitous nature of the second motion to seal Exhibit K, the motions seek to file Exhibits K and W under seal while citing authority which has approved the filing of *medical records* under seal.

The court nevertheless finds that compelling reasons exist for sealing Exhibit K, Plaintiff's offender information summary. That exhibit contains a variety of sensitive information about Plaintiff's housing assignments in prison, his background, his disciplinary history, investigations and other information that could be detrimental to Plaintiff or others if publicly released. Therefore, Defendants' first motion to seal (ECF No. 59) is **GRANTED** with respect to Exhibit K, which shall remain sealed.

The court does not find that compelling reasons exist for sealing Exhibit W, Olivas' declaration. Defendants' reason for sealing the declaration is that it discusses Plaintiff's underlying offense and his correspondence with a former inmate. Plaintiff's offense, as well as

that of Mr. Mead, is a matter of public record and is easily obtained by doing an NDOC inmate search. Moreover, Defendants' motion itself discusses Plaintiff's offense and his correspondence with Mr. Mead. Therefore, Defendants' motion to seal Exhibit W is **DENIED**, and Exhibit W shall be **UNSEALED**.

Defendants' second motion to seal Exhibit K (ECF No. 66) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated: December 8, 2021

_____
William G. Cobb
United States Magistrate Judge