UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GAREN M PEARSON,<br><br>                           Plaintiff,<br>    v.<br><br>JAMES E. DZURENDA, *et al.*,<br><br>                           Defendants. | Case No. 3:19-cv-00031-MMD-CSD<br><br>ORDER |

## I.    SUMMARY

*Pro se* Plaintiff Garon M Pearson, who is currently incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), filed this case under 42 U.S.C. § 1983 arising from events that occurred while he was incarcerated at Lovelock Correctional Center ("LCC"), alleging that Defendants, certain LCC employees and officials, violated his constitutional rights. Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb[1] (ECF No. 70 ("R&R" or "Recommendation")) recommending the Court grant Defendants' pending motion for summary judgment (ECF No. 58 ("Motion")) on all of Pearson's claims against them. Pearson timely filed an objection to the R&R (ECF No. 72 ("Objection")), and Defendants filed a response to the Objection (ECF No. 73). Because the Court agrees with Judge Cobb's analysis contained in the R&R, finds Pearson's Objection unpersuasive, and as further explained below, the Court will adopt the R&R in full, overrule the Objection, and grant Defendants' Motion.

## II.    BACKGROUND

The Court incorporates by reference Judge Cobb's recitation of Pearson's

---

[1] Judge Cobb retired after he issued the R&R. (ECF No. 74.) United States Magistrate Judge Craig S. Denney now presides over this case. (*Id.*)

allegations, Defendants' arguments in their Motion, and the undisputed facts provided in the R&R, which the Court adopts. (ECF No. 70 at 1-3, 6-12.) The Court further incorporates by reference Judge Cobb's recitation of the legal standard governing review of summary judgment motions. (*Id.* at 3-5.)

Judge Cobb first recommends the Court grant summary judgment to Defendants on Pearson's retaliation claim because Defendants proffered evidence that Pearson's mail was withheld from him only while they investigated whether it contained photographs of nude or partially nude males under age 18, and then gave him the photographs once Defendants determined the photographs were authorized, and proffered evidence that Pearson was transferred between facilities based on his preferences and what was permissible under the pertinent policies—and Plaintiff failed to proffer any contrary evidence—so Defendants met their burden to show they took the actions Plaintiff challenges for legitimate rather than retaliatory reasons. (*Id.* at 13-14.) Judge Cobb next recommends that the Court grant Defendants summary judgment on Pearson's First Amendment claim for interference with mail because Pearson admits that most of the photographs and letters forming the basis of this case were only temporarily withheld from him while Defendants determined whether they contained child pornography. (*Id.* at 14-15.)

Judge Cobb then recommends that the Court grant Defendants summary judgment on Pearson's First Amendment claim regarding letters and photographs that were not returned to him. (*Id.* at 15-23.) Judge Cobb analyzed the *Turner* factors and determined they weighed in Defendants' favor. (*Id.*) Judge Cobb generously construed Pearson's allegations to encompass specific photographs mentioned in grievances submitted as part of the record in this case because Pearson himself did not explain in his pleadings or briefing what specific photographs were withheld from him or proffer a declaration stating what photographs were allegedly withheld. (*Id.* at 16-17.) But Judge Cobb nonetheless ultimately found "that the policy of not allowing inmates, and sex offenders in particular, to possess nude photographs of minors has a rational relationship with the prison goal of

rehabilitation." (*Id.* at 19.) Judge Cobb also noted that Plaintiff did not genuinely dispute that the photographs referred to in his grievances and ultimately withheld from him contained photos of nude or partially nude males who were underage or at least borderline underage and did not otherwise present any evidence to support his claim. (*Id.* at 22-23.)

Judge Cobb finally recommends the Court grant Defendants summary judgment on Pearson's equal protection claim because he "failed to create a genuine dispute of material fact by demonstrating through evidence that other inmates were allowed to access and possess similar photos that Plaintiff was denied." (*Id.* at 23-24.)

### III. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo because Pearson filed his Objection.[2] (ECF No. 72.)

### IV. DISCUSSION

To start, the Court agrees with and adopts Judge Cobb's analysis provided in the R&R. Pearson primarily objects[3] that Judge Cobb did not give him sufficient opportunities

---

[2]Defendants erroneously state that the clearly erroneous standard of review applies. (ECF No. 73 at 2.) Though missing the citation, Defendants rely on LR IB 3-1. (ECF No. 73 at 2 ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LR IB 1-3, when it has been shown the magistrate judge's order is clearly erroneous or contrary to law.").) But that rule applies to matters that may finally be determined by a magistrate judge in civil cases. *See* LR IB 31. Here, the Court is reviewing Judge Cobb's Recommendation that the Court grant Defendants' Motion. (ECF No. 70.) LR IB 1-4(c) provides that motions for summary judgment may not be finally determined by Magistrate Judges. Accordingly, LR IB 3-2—not LR IB 3-1—applies to the Court's review of the R&R. The Court's review of the R&R is accordingly *de novo* as to those portions of the R&R that Pearson objects to. *See* LR IB 3-2(b).

[3]The Court agrees with Defendants that Pearson's objections about what Defendants failed to do, such as allegedly failing to show that Pearson was showing photos to other inmates (ECF No. 72 at 1) are irrelevant to Judge Cobb's Recommendations in the R&R (ECF No. 73 at 2).

3

to locate evidence through discovery that would have supported his claims but based his proposed rulings in part on findings that Plaintiff had failed to proffer any evidence to support his claims. (*Id.* at 2-3.) The Court finds this argument unpersuasive and accordingly overrules Pearson's Objection.

Judge Cobb gave Pearson a sufficient opportunity to locate evidence that would support his claims through discovery. Indeed, Judge Cobb granted Pearson two extensions of time to complete discovery beyond the time he normally would have had under the scheduling order in this case. (ECF Nos. 45, 48.) Moreover, Pearson does not explain in his Objection how extra time would help him obtain the materials he argues he has been unable to obtain, nor does he explain how the contents of those materials would change Judge Cobb's analysis on any of his claims if Pearson was able to obtain them and use them to oppose Defendants' Motion. (ECF No. 72 at 2-3.) The Court thus overrules Pearson's Objection and will accept and adopt Judge Cobb's R&R in full.

**V.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Pearson's objection (ECF No. 72) to the Report and Recommendation of U.S. Magistrate Judge William G. Cobb is overruled.

It is further ordered that the Report and Recommendation of U.S. Magistrate Judge William G. Cobb (ECF No. 70) is accepted and adopted in full.

It is further ordered that Defendants' motion for summary judgment (ECF No. 58) is granted.

///

///

///

///

The Clerk of Court is directed to enter judgment accordingly—in Defendants' favor—and close this case.

DATED THIS 14th Day of February 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE